UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                         Plaintiff

v.                                                                    Criminal Action No. 3:17-cr-0077-RGJ

ERIC TODD                                                                                        Defendant

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Motion *in Limine* filed by Defendant Eric Todd ("Todd") to exclude the United States from introducing certain evidence at the trial. [DE 51]. The United States filed a Response. [DE 52]. Replies were not permitted. [DE 9, Order Following Arraign., ¶ 5]. The Court heard oral argument on May 15, 2019. This matter is now ripe for adjudication.

**I.     Background**

Todd has been in custody since his initial arraignment on March 16, 2017. [DE 9, 10, 11]. He was indicted for alleged Possession of Methamphetamine with Intent to Distribute on or about May 20, 2016 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [DE 1, Ind.]. The United States filed a superseding indictment against Todd on February 5, 2019. [DE 37, Sup. Ind.]. The superseding indictment states "[f]rom in or about July 2014 to in or about December 2016, both dates being approximate and inclusive, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, ERIC TODD . . . conspired with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine . . . and one kilogram or more of heroin . . ." [*Id*.]. The superseding indictment thus changes the count to Conspiracy to Possess with Intent to Distribute

Methamphetamine and Heroin in violation of 21 U.S.C. § 846. [DE 37, Sup. Ind.]. The superseding indictment also adds the drug heroine and broadens the alleged time in question from "on or about May 20, 2016" to "in or about July 2014 to in or about December 2016." [*Id*.].

      1.      Todd's Motion *in Limine*

The United States produced discovery to Todd in response to his March 14, 2019 request. [DE 51]. This discovery related to the May 20, 2016 timeframe set forth in the original indictment and did not pertain to the broader 2014–2016 timeframe alleged in the superseding indictment. It included a May 20, 2016 video recording from White Castle, which neither party has been able to open. Todd's Motion asserts that no documentary evidence was produced by the United States regarding the broader timeframe in the superseding indictment and thus Todd "believe[s] the government intends to . . . prove its conspiracy charge . . . through the testimony of alleged co-conspirators." [DE 51, at 184].

Todd argues the United States should not be permitted to introduce any documentary evidence at trial that relates to a timeframe broader than the original indictment because they failed to produce any such evidence during discovery. Todd argues there could be no good faith reason for delay in producing such additional discovery. [DE 51, at 186]. Todd also asserts that a continuance to cure any prejudice from a late disclosure would be unfair, as the United States has requested and received two continuances while he has been in custody. [*Id*. at 187].

At the final pretrial conference on May 15, this issue became moot. The United States represented that it would only be presenting testimony of alleged co-conspirators as to the broader timeframe and heroin charge, not additional documentary evidence. And, the United States represented that it will not be offering the video recording from White Castle at trial. Therefore, the Motion *in Limine* is denied as moot.

2

2. <u>Additional Discovery Relating to May 2016 Timeframe</u>

On or around May 7, 2019, the same day Todd filed his Motion *in Limine*, the United States informed Todd that it intended to produce an additional lab report, audio recording, and photograph of an alleged April 20, 2016 drug transaction involving Todd and a potential witness of the United States. [DE 52]. This evidence relates to the May 20, 2016 timeframe set forth in the original indictment, not the broader timeframe in the superseding indictment. The United States produced this discovery to Todd on or about May 15, the morning of the final pretrial conference. This discovery was not the subject of Todd's Motion *in Limine* as the issue arose after the filing of the Motion *in Limine*. But the United States raised this discovery in its response to the Motion *in Limine* [DE 52], and Todd objected to this discovery at the May 15 final pretrial conference, arguing it should also be suppressed from trial for the same reasons discussed in his Motion *in Limine*.

**II.    Legal Standard**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). However, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling *in limine*, it is

"no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). Thus, even where a motion *in limine* is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior *in limine* ruling at trial. *Luce,* 469 U.S. at 41–42.

Fed. R. Crim. P. 16(a)(1)(E) requires the United States, upon request, to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places . . . if the item is within the government's possession, custody, or control and . . . the government intends to use the item in its case-in-chief at trial." The same is true for "any scientific test . . . the government intends to use . . . in its case-in-chief." Fed. R. Crim. P. 16(a)(1)(F). When the government "fails to comply with this rule, the court may . . . prohibit the party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2) sets forth the actions a court may take for discovery violations in criminal cases:

> If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

When suppression of the evidence is sought as the remedy, the Court considers three factors:

1. the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith;

2. the degree of prejudice, if any, to the defendant; and

3. whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess.

*United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008). "Suppression of evidence must be viewed as an undesirable remedy for a discovery violation reserved for cases of incurable prejudice

4

or bad faith conduct demanding punishment by the court." *Id*. (internal quotations marks omitted). Courts should impose "the least severe remedy available to cure prejudice" where a potential Rule 16 violation has occurred. *United States v. Maples*, 60 F.3d 244, 247 (6th Cir.1995).

### III. Analysis

Todd argued at the final pretrial conference that this added April 2016 evidence should be excluded from trial because there is no good faith reason for the delay. The United States argued the disclosure was not in bad faith, but the result of inadvertent discovery of the information, and that Todd will have sufficient time to review the audio recording and lab report before trial. [DE 52, at 192-93].

The Court does not find bad faith conduct or incurable prejudice to warrant exclusion of this evidence at trial. Nothing suggests the United States deliberately failed to disclose the discovery. The United States notified Todd and provided him the information after it discovered a file involving another person in a separate case. [DE 52]. Nor does there appear to be incurable prejudice to Todd. Todd has almost two weeks before trial to review the discovery, which is not voluminous. This time is sufficient and does not require a continuance. Further, at the May 15 final pretrial conference, the United States requested a continuance to arrange for the testimony of a witness recently arrested and in state custody. Todd objected to the continuance. The Court overruled the United States' request and issued a writ of habeas corpus ad testificandum for the witness the next day. There will thus be no substantial third continuance of trial and trial will proceed as soon as the witness is in federal custody.

### IV. Conclusion

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Defendant Eric Todd's Motion *in Limine* [DE 51] is **DENIED WITHOUT PREJUDICE AS MOOT**;

2. The documents produced on May 15, 2019 by the United States to Defendant Eric Todd will not be suppressed from trial, subject to any ruling regarding admissibility under the Federal Rules of Evidence.