
**FILED**
VANESSA L. ARMSTRONG, CLERK

MAY 3 1 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-00077-RGJ

ERIC TODD                                                   Defendant

\* \* \* \* \*

## JURY INSTRUCTIONS

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Next, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

# DEFINITION OF THE CRIME

## COUNT 1
### Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin
### (18 U.S.C. §§ 841(a) and 841(b)(1)(A))

(1)   Count 1 of the indictment charges the defendant with conspiracy to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2)  A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin.

> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)  Now I will give you more detailed instructions on some of these terms.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 14.05*

12

### AGREEMENT

(A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 14.05*

13

## DEFENDANT'S CONNECTION TO CONSPIRACY

(B)  With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

(1)  The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2)  This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(3)  Further, this does not require proof that the defendant knew the drug involved was methamphetamine or heroin.  It is enough that the defendant knew that it was some kind of controlled substance.  Nor does this require proof that the defendant knew how much methamphetamine or heroin was involved.  It is enough that the defendant knew that some quantity was involved.

(4)  But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.

14

These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 14.05*

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 14.05*

## UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 3.06*

17

**MULTIPLE CONSPIRACIES--MATERIAL VARIANCE FROM THE INDICTMENT**

The indictment charges that the defendant was a member of one single conspiracy to commit the crime of possession with intent to distribute methamphetamine or heroin.

To convict the defendant of the conspiracy charge, the government must convince you beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that the defendant was a member of some other conspiracy is not enough to convict.

But proof that the defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the indictment.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 3.08*

## MULTIPLE CONSPIRACIES--FACTORS IN DETERMINING

In deciding whether there was more than one conspiracy, you should concentrate on the nature of the agreement. To prove a single conspiracy, the government must convince you that each of the members agreed to participate in what he knew was a group activity directed toward a common goal. There must be proof of an agreement on an overall objective.

But a single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. These are all things that you may consider in deciding whether there was more than one conspiracy, but they are not necessarily controlling.

Similarly, just because there were different sub-groups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. Again, you may consider these things, but they are not necessarily controlling.

What is controlling is whether the government has proved that there was an overall agreement on a common goal. That is the key.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 3.09*

## ACTUAL AND CONSTRUCTIVE POSSESSION

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the alleged drugs for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the alleged drugs, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the alleged drugs and knew that he had this right, and that he intended to exercise physical control over the alleged drugs at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the alleged drugs, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 3.10*

## TESTIMONY OF A PAID INFORMANT

You have heard the testimony of Ruth Ann Lyle. You have also heard that she received money from the government in exchange for providing information.

The use of paid informants is common and permissible. But you should consider Ms. Lyle's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by what the government gave her.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 7.06A*

**IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR
CONVICTION**

You have heard the testimony of Kenneth Westbay, Ruth Ann Lyle, Jamarr Greenhill,
Stephanie Cockerell, Velise Mcatee, and Antonio Jackson. You have also heard that before this
trial each of them were convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide
how believable his testimony was. Do not use it for any other purpose. It is not evidence of
anything else.

*Source: Sixth Circuit Pattern Criminal Jury Instruction, 7.05B*

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH

You have heard the testimony of Stephanie Cockerell. You also heard during the testimony of ATF Special Agent Chase Anastasio that before this trial Ms. Cockerell made a statement that may be different from her testimony here in court.

This earlier statement of was brought to your attention only to help you decide how believable Ms. Cockerell's testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her testimony here in court.

## DELIBERATIONS AND VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

28

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

# DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience for each count.

You will take the verdict forms to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and notify the Courtroom Security Officer.

## UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 846)

The defendant is charged in Count 1 of the indictment with conspiracy to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin. If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 50 grams or more of methamphetamine or one kilogram or more of heroin was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 5 grams or more but less than 50 grams of methamphetamine or 100 grams or more but less than 1000 grams (1 kilogram) of heroin was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

33

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

Source: Sixth Circuit Pattern Instruction, 14.07B

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                               Criminal Action No. 3:17-cr-77-RGJ

ERIC TODD                                                     Defendant

## **VERDICT FORM**

Question 1. With respect to the charge in Count 1 of the indictment for conspiracy to knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine or one kilogram or more of heroin, we find the defendant, Eric Todd,


GUILTY_____          NOT GUILTY_____

If you answered guilty in response to Question 1, proceed to Question 1(a) and Question 1(b).

If you answered not guilty in response to Question 1, skip Question 1(a) and Question 1(b) and proceed to the signature line.


Question 1(a). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of methamphetamine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____50 grams or more

_____5 grams or more but less than 50 grams

_____ less than 5 grams

Question 1(b). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of heroin that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____1000 grams (1 kilogram) or more

_____100 grams or more but less than 1000 grams (1 kilogram)

_____ less than 100 grams

 

 

_____        _____
Foreperson                                                      Juror No.


Date: _____

Sources: Sixth Circuit Pattern Instructions, Special Verdict Form § 841, Form 14.07B-1